IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
AT KANSAS CITY, MISSOURI

| | |
|---|---|
| PRIME CUT KC, LLC, | ) |
| Plaintiff, Counterclaim Defendant, | ) ) ) |
| vs. | ) Case No.: 4:13-CV-1118 |
| KANSAS CITY LIVE BLOCK 139 RETAIL, LLC, | ) ) |
| Defendant, Counterclaim Plaintiff, and Third Party Plaintiff, | ) ) ) ) |
| vs. | ) |
| JAMES P. LYNCH, JR.,<br>**Serve at:**<br>1024 Cedar Circle<br>West Des Moines, IA 50266<br>**Or wherever Third Party Defendant may be located** | ) ) ) ) ) |
| and | ) |
| KEVIN F. LYNCH<br>**Serve at:**<br>1024 Cedar Circle<br>West Des Moines, IA 50266<br>**Or wherever Third Party Defendant may be located** | ) ) ) ) ) |
| Third Party Defendants. | ) |

**KANSAS CITY LIVE BLOCK 139 RETAIL, INC.'S THIRD PARTY COMPLAINT
AGAINST JAMES P. LYNCH, JR. AND KEVIN F. LYNCH**

Defendant, Counterclaim Plaintiff, and Third Party Plaintiff, Kansas City Live Block 139 Retail, LLC, pursuant to Fed. R. Civ. P. 14(a), and for its Third Party Complaint against Defendants James P. Lynch, Jr. and Kevin F. Lynch, states and alleges as follows:

1

## PARTIES, JURISDICTION AND VENUE

1. Kansas City Live Block 139 Retail, LLC (hereinafter "Live Block 139") is a Maryland limited liability company that is licensed and doing business in Kansas City, Missouri and is in good standing.

2. All of the members of Live Block 139 LLC are Maryland citizens.

3. Prime Cut KC, LLC is a Missouri limited liability company and is the sole owner of a restaurant located at 71 E. 14th Street, Kansas City, Missouri, the premises at issue in this dispute. Upon information and belief, none of the members of Prime Cut KC, LLC (hereinafter "Prime Cut") are citizens of Maryland.

4. Third Party Defendant James P. Lynch, Jr. is an individual residing in West Des Moines, Iowa. Upon information and belief, James P. Lynch, Jr. is a citizen of Iowa.

5. Third Party Defendant Kevin F. Lynch is an individual residing in West Des Moines, Iowa. Upon information and belief, Kevin F. Lynch is a citizen of Iowa.

6. Pursuant to 28 U.S.C. § 1332(a)(1), this Court has jurisdiction over this matter because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because the lawsuit is between citizens of different states.

7. Venue is proper and this Court has jurisdiction over the subject matter of, and the parties to, this action because the real property is located in Missouri and the acts forming the bases for Live Block 139's claims and allegations against Third Party Defendants James P. Lynch, Jr. and Kevin F. Lynch (collectively "Third Party Defendant Guarantors") and Prime Cut occurred within and affect real property located within Kansas City, Missouri. The Third Party Guarantors further consented in the Lease and its Amendments to the jurisdiction of Missouri federal courts.

## GENERAL ALLEGATIONS

8. Live Block 139 adopts and hereby incorporates each and every allegation contained within its Answer to Plaintiff's Petition, including its affirmative defenses, as well as its Counterclaim filed on November 21, 2013, as if fully set out herein.

9. Pursuant to Fed. R. Civ. P. 14(a), Live Block 139 is not required to seek leave of Court to file this Third Party Complaint since it is doing so within fourteen (14) days of the filing of its original Answer.

10. On or about, June 6, 2008, Live Block 139, as owner/landlord, and Prime Cut, as tenant, entered into and executed a written Lease Agreement for a ten (10) year term (hereinafter "Lease") to lease the real property and premises located at 71 E. 14th Street, Kansas City, Missouri (hereinafter "Premises") and more specifically described in Section 201(a) of the Lease in exchange for monthly rent. Live Block 139 attaches and incorporates by reference the executed Lease as "**Exhibit A.**"

11. Third Party Defendant Guarantors signed a Guaranty on June 6, 2008, attached to the Lease as "Exhibit G," in which they agreed to guaranty and be responsible for all payments due under the Lease for said Premises. A copy of the Guaranty is attached hereto as "Exhibit G" to the Lease ("**Exhibit A**").

12. Pursuant to Section 201(d) of the Lease, Prime Cut agreed to pay Minimum Rent for the first Lease Year, as defined in the Lease, of $274,022 annually and $22,835.17 monthly. For each Lease Year thereafter, the Minimum Rent was to increase by the greater of the increase in the Consumer Price Index or two and one-half percent (2 ½ %), cumulatively. Prime Cut is required to pay Minimum Rent on or before the first day of each month.

13. Pursuant to Section 201(e) of the Lease, Prime Cut agreed to pay Percentage Rent equal to five percent (5%) of Gross Sales, as defined for each Lease Year less: (i) the Minimum Rent actually paid pursuant to the Lease for such period, and less (ii) the Gross Sales City Payment actually paid by Prime Cut.

14. Pursuant to the Lease, Prime Cut agreed to pay Additional Rent, which equals all payments of money from Prime Cut to Live Block 139 or to the City of Kansas City, Missouri, and required to be paid under the Lease other than the Minimum Rent and Percentage Rent. Any Additional Rent that was due was to be paid with the monthly installment of Minimum Rent.

15. Under the Lease, Prime Cut agreed to pay Rent, which equals all amounts that Prime Cut is obligated to pay under the Lease, including, without limitation, Minimum Rent, Percentage Rent, Additional Rent, Monthly Tax Charges, Monthly Common Area Maintenance Charges, Grand Opening Promotional Charges, and Monthly Promotional Fund Charges.

16. On or about October 30, 2009, Live Block 139 and Prime Cut entered into an Amendment to the Lease (hereinafter "Amendment I"), which merely revised the monthly amount of Prime Cut's Rent and temporarily deferred other financial obligations due under the Lease. Live Block 139 did not in Amendment I, however, waive its right to collect from Prime Cut any Rent or other financial obligations due under the Lease and specifically required that Prime Cut pay in full by January 31, 2011 any past due Rent or other financial obligations due under the Lease. Live Block 139 attaches and incorporates by reference the executed Amendment I as "**Exhibit B.**"

17. Third Party Defendant Guarantors signed Amendment I including a provision on page 4 (of "**Exhibit B**") entitled "Consent and Ratification by Guarantors":

> The undersigned, each a guarantor of the Lease, hereby agrees to
> the terms and consents to the foregoing Amendment to Lease and

4

> hereby affirms and ratifies the Lease dated June 6, 2008, and his Guaranty, and remains liable under his Guaranty to said Lease and this Amendment to Lease.

18. Prime Cut made payments to Live Block 139 pursuant to Amendment I and Live Block 139 has credited Prime Cut's account for all such payments.

19. On or about February 1, 2011, Live Block 139 and Prime Cut executed a Second Amendment to the Lease (hereinafter "Amendment II"), amending, during a specified time period, the amount of Rent and other financial obligations Prime Cut was required to pay Live Block 139. Live Block 139 attaches and incorporates by reference the executed Amendment II as "**Exhibit C.**" Under Amendment II, if Prime Cut timely paid all Rent and other requisite payments during the specified time period, Live Block 139 agreed to waive any additional or past due Rent or other financial obligations that Prime Cut would have been required to pay under the Lease as originally entered into.

20. If, however, Prime Cut failed to timely pay Rent or other financial obligations due under Amendment II, Live Block 139 was no longer bound by any concessions it made in Amendment II and had the right to: (i) terminate the Lease and all amendments thereto, upon proper notice; and/or (ii) immediately collect all monies due and owing by Prime Cut under the Lease, without regard to concessions made in Amendment II, and based on the Lease as originally entered into.

21. Third Party Defendant Guarantors signed Amendment II including a provision on page 6 (of "**Exhibit C**") entitled "Consent and Ratification by Guarantors":

> The undersigned, each a guarantor of the Lease, hereby agrees to the terms and consents to the foregoing Amendment to Lease and hereby affirms and ratifies the Lease dated June 6, 2008, as amended, and his Guaranty, and remains liable under his Guaranty to said Lease as amended and this Amendment to Lease.

5

22. Prime Cut failed to timely pay Percentage Rent due and owing under Amendment II.

23. Live Block 139 made demand for all amounts due under the Lease but Prime Cut refused and failed to pay the due and owing charges.

24. Live Block 139 has credited Prime Cut's account for all payments that it did make under Amendment II.

25. To date, Live Block 139 has not sought to terminate the Lease.

26. The Lease grants Live Block 139 the ability to commence one or more separate actions to recover past due Rent and damages from Prime Cut and Third Party Defendant Guarantors.

27. The Lease further provides for the payment by Prime Cut and Third Party Defendant Guarantors of Live Block 139's legal expenses incurred in connection with Live Block 139's enforcement of its rights as a result of Prime Cut's breach of obligations under the lease, including attorney's fees.

28. Because Prime Cut failed to pay the Percentage Rent due and owing under Amendment II to the Lease, all amounts due and owing by Prime Cut under the Lease, without regard to Amendment II and based on the Lease as originally entered into, immediately became due and payable.

29. Pursuant to Section 5 of Amendment II, Live Block 139 was only required to provide Prime Cut with a ten (10) day notice to cure if it was exercising its right to terminate the Lease. To date, Live Block 139 has not sought to terminate the Lease. Therefore, the notice provision does not (as Plaintiff's Petition erroneously claims) apply.

6

30. Although not required to do so, Live Block 139 made demand on Prime Cut for payment of Percentage Rent and other charges due under the Lease, as amended, including written demand on March 15, 2013 e-mail ("**Exhibit D**"); March 20, 2013 e-mail ("**Exhibit E**"); March 28, 2013 e-mail ("**Exhibit F**"); April 18, 2013 e-mail ("**Exhibit G**"); April 24, 2013 letter advising Prime Cut that all sums due under the Lease, without regard to Amendments, are owing and past due ("**Exhibit H**"); May 3, 2013 e-mail ("**Exhibit I**"); and September 11, 2013 letter providing Prime Cut with a statement of rent due under the Lease, "as previously notified." ("**Exhibit J**").

31. As a direct and proximate result of Prime Cut's failure to pay Rent and other financial obligations due under the Lease, Live Block 139 has incurred and will continue to incur damages.

## COUNT 1 – SUIT ON GUARANTY

32. Live Block 139 adopts and hereby incorporates each and every allegation contained within its Answer to Plaintiff's Petition, including its affirmative defenses, as well as the allegations contained in its Counterclaim filed on November 21, 2013, and in paragraphs 1 through 31 above, as if fully set forth herein.

33. Live Block 139 has fulfilled all obligations as the landlord under the Lease and Amendments.

34. Third Party Defendant Guarantors James P. Lynch, Jr. and Kevin F. Lynch agreed in the Lease, and its Amendments, to guaranty and be responsible for all payments due by Prime Cut under the Lease and its Amendments for said Premises.

35. As of September 30, 2013, Prime Cut has failed to make rent payments due and owing under the Lease in the amount of $1,112,157.42, with additional charges for unpaid rent continuing to accrue during the pendency of this action.

36. Third Party Defendant Guarantors are also required under the Lease and Amendments to reimburse Live Block 139 for its legal expenses incurred in connection with enforcement of its rights as a result of Prime Cut's failure to pay its obligations under the lease, including reasonable attorneys' fees.

WHEREFORE, Kansas City Live Block 139 Retail, LLC, respectfully requests the following relief:

A. That judgment be entered against Third Party Defendant Guarantors James P. Lynch, Jr. and Kevin F. Lynch and in favor of Live Block 139 for unpaid Rent through September 30, 2013 in the amount of $1,112,157.42, plus interest; and an additional amount equal to unpaid Rent continuing to accrue during the pendency of this action, plus interest;

B. That Third Party Defendant Guarantors be ordered to reimburse Live Block 139 for its attorneys' fees and costs in this action, as provided for in the Lease;

C. That post-judgment interest and the costs of these proceedings be awarded; and

D. For such other and further relief as this cause may require.

Respectfully submitted,

FOLAND, WICKENS, EISFELDER,
ROPER & HOFER, P.C.

*/s/ W. James Foland*
| W. JAMES FOLAND | MO #25022 |
| MONICA M. FANNING | MO #50511 |

911 Main Street, Suite 3000
Kansas City, Missouri 64105
816-472-7474
816-472-6262 (Fax)
jfoland@fwpclaw.com
mfanning@fwpclaw.com
**ATTORNEYS FOR KANSAS CITY LIVE BLOCK 139 RETAIL, LLC**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of the above and foregoing document was filed electronically with the above-captioned court, with notice of case activity to be generated and sent electronically to the Clerk of said court (with a copy to be mailed to any individual who does not receive electronic notice from the Clerk) this 5th day of December, 2013 to:

Frank Wendt
Joan M. Sheridan
BROWN & RUPRECHT, PC
911 Main Street, Suite 2300
Kansas City, Missouri 64105
816-292-7000
816-292-7050 (Fax)
fwendt@brlawkc.com
**Attorneys for Plaintiff
Prime Cut KC, LLC/
Counterclaim Defendant**

*/s/ W. James Foland*
**Attorney for Kansas City Live Block 139 Retail, LLC**

9