IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
AT KANSAS CITY, MISSOURI

| | |
|---|---|
| PRIME CUT KC, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KANSAS CITY LIVE BLOCK 139 RETAIL, )<br>LLC )<br>)<br>Defendant. ) | Case No. 4:13-CV-1118 |

## PLAINTIFF PRIME CUT KC, L.L.C.'S ANSWER TO DEFENDANT KANSAS CITY LIVE BLOCK 139 RETAIL, LLC'S COUNTERCLAIM

COMES NOW Plaintiff Prime Cut KC, L.L.C., ("Prime Cut") by and through its counsel, and hereby answers and defends against Defendant Kansas City Live Block 139 Retail, LLC's ("Live Block 139") Counterclaim against it as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Prime Cut admits the allegations contained in Paragraph 1.

2. Plaintiff Prime Cut is without information sufficient to form a belief as to the allegations contained in Paragraph 2, and therefore denies all allegations contained in said paragraph.

3. Plaintiff Prime Cut admits the allegations contained in Paragraph 3.

4. Plaintiff Prime Cut is without information sufficient to form a belief as to the allegations contained in Paragraph 4, and therefore denies all allegations contained in said paragraph.

5. Plaintiff Prime Cut admits that the leased premises are located in Kansas City, Missouri. Plaintiff Prime Cut is without information sufficient to form a belief as to the

remaining allegations contained in Paragraph 5, and therefore denies all remaining allegations contained in said paragraphnot specifically admitted herein.

## GENERAL ALLEGATIONS

6. Plaintiff Prime Cut incorporates by reference each and every allegation contained within its Petition for Declaratory Judgment and all prior denials and averments made above as if fully set forth herein. Plaintiff Prime Cut denies all remaining allegations contained in Paragraph 6 of the Defendant Live Block 139's Counterclaim not specifically admitted herein.

7. Plaintiff Prime Cut admits the allegations contained in Paragraph 7.

8. Plaintiff Prime Cut admits that Section 201(d) of the original Lease states, "Minimum Rent: For the first Lease Year, $274,002.00 Annually and $22,835.17 Monthly; which Minimum Rent shall increase by two and one-half percent (2.5%), cumulatively, each Lease Year thereafter" and that the original Lease attached to Defendant's Answer and Counterclaim as Exhibit A speaks for itself. However, this provision has been modified by the parties' subsequent agreements. Plaintiff Prime Cut denies all remaining allegations contained in Paragraph 8 of the Counterclaim not specifically admitted herein.

9. Plaintiff Prime Cut admits that under Section 201(e) of the original Lease, Prime Cut as Tenant agreed to pay Percentage Rent in "a sum equal to five percent (5%) of Gross Sales (as defined) for each Lease Year less (i) the Minimum Rent actually paid pursuant to this Lease for such period, and less (ii) the Gross Sales City Payment actually paid by the Tenant." The original Lease attached as Exhibit A speaks for itself. However, this provision has been modified by the parties' subsequent agreements. Plaintiff Prime Cut denies all remaining allegations contained in Paragraph 9 of the Counterclaim not specifically admitted herein.

10. Plaintiff Prime Cut admits that Section 701 of the original Lease requires Tenant to pay Minimum Rent and applicable Additional Rent. Section 301 defines "Additional Rent" as

"all payments of money from Tenant to Landlord or to the City of Kansas City, Missouri, and required to be paid under this Lease other than Minimum Rent and Percentage Rent. Unless otherwise provided for in this Lease, any Additional Rent shall be due with the next installment of Minimum Rent due." The original Lease speaks for itself. However, this provision has been modified by the parties' subsequent agreements. Plaintiff Prime Cut denies all remaining allegations contained in Paragraph 10 not specifically admitted herein.

11. Plaintiff Prime Cut admits that under Section 320 of the original Lease, "Rent" is defined as "All amounts that Tenant is obligated to pay under this Lease, including, without limitation, Minimum Rent, Percentage Rent, Additional Rent, Monthly Tax Charges, Monthly Common Area Maintenance Charges, Grand Opening Promotional Charges, and Monthly Promotional Fund Charges." The original Lease speaks for itself. However, this provision has been modified by the parties' subsequent agreements. Plaintiff Prime Cut denies all remaining allegations contained in Paragraph 11 not specifically admitted herein.

12. Plaintiff Prime Cut admits that on or about October 30, 2009 it entered into an Amendment to the original Lease ("Amendment I") and admits that Defendant Live Block 139 did not waive amounts due under the Lease. However, this Amendment has been modified by the parties' subsequent agreements. Plaintiff Prime Cut denies all remaining allegations contained in Paragraph 12 not specifically admitted herein.

13. Plaintiff Prime Cut admits it made payments to Defendant Live Block 139 pursuant to the original Lease and Amendment I. Plaintiff Prime Cut is without information sufficient to form a belief as to the remaining allegations contained in Paragraph 13, and therefore denies all remaining allegations contained in Paragraph 13 not specifically admitted herein.

3
Case 4:13-cv-01118-GAF   Document 10   Filed 12/12/13   Page 3 of 9

14. Plaintiff Prime Cut admits that on or about February 11, 2011 Plaintiff Prime Cut and Defendant Live Block 139 executed a second amendment to the original Lease ("Amendment II") and that Amendment II attached to Defendant's Answer and Counterclaim as Exhibit B speaks for itself. However, certain provisions of this Amendment have been modified or waived by the parties' subsequent agreements or conduct. Plaintiff Prime Cut denies all remaining allegations contained in Paragraph 14 not specifically admitted herein.

15. Plaintiff Prime Cut admits that Amendment II restructured and changed the timing of payments due under the original Lease as amended. Amendment II and the applicable terms of the original Lease speak for themselves. Plaintiff Prime Cut denies all remaining allegations contained in Paragraph 15 not specifically admitted herein.

16. Plaintiff Prime Cut denies the allegations contained in Paragraph 16.

17. Plaintiff Prime Cut denies the allegations contained in Paragraph 17.

18. Plaintiff Prime Cut denies the allegations contained in Paragraph 18.

19. Plaintiff Prime Cut is without information sufficient to form a belief as to the allegations contained in Paragraph 19, and therefore denies all allegations contained in said paragraph.

20. Plaintiff Prime Cut denies the allegations contained in Paragraph 20.

21. Plaintiff Prime Cut admits that the terms of Section 2602, subsection (v), of the original Lease speak for themselves but denies that it is in default. Plaintiff Prime Cut denies all remaining allegations contained in Paragraph 21 not specifically admitted herein.

22. Plaintiff Prime Cut admits that the terms of Section 2701 of the original Lease speak for themselves but denies that Defendant is entitled to any payment of attorney's fees from Plaintiff. Plaintiff Prime Cut denies all remaining allegations contained in Paragraph 22 not specifically admitted herein.

## COUNT 1 – BREACH OF LEASE AGREEMENT

23. Plaintiff Prime Cut incorporates by reference each and every allegation contained within its Petition for Declaratory Judgment and all prior denials and averments made above as if fully set forth herein. Plaintiff Prime Cut denies all remaining allegations contained in Paragraph 23 of the Defendant Live Block 139's Counterclaim not specifically admitted herein.

24. Plaintiff Prime Cut denies the allegations contained in Paragraph 24.

25. Plaintiff Prime Cut denies the allegations contained in Paragraph 25.

26. Plaintiff Prime Cut denies the allegations contained in Paragraph 26.

27. Plaintiff Prime Cut denies the allegations contained in Paragraph 27.

28. Plaintiff Prime Cut denies the allegations contained in Paragraph 28.

29. Plaintiff Prime Cut denies the allegations contained in Paragraph 29.

30. Plaintiff Prime Cut denies each and every allegation contained in Defendant Live Block 139's Counterclaim not specifically herein admitted.

## AFFIRMATIVE DEFENSES

31. Defendant Live Block 139's Counterclaim fails to state a claim upon which relief can be granted.

32. Defendant Live Block 139's claim may be barred by lack of subject-matter jurisdiction. Defendant has not identified its members or included relevant information as to each.

33. Defendant Live Block 139'c claim may be barred due to improper venue. Defendant has not identified its members or included relevant information as to each.

34. Defendant Live Block 139's claim is barred because Defendant failed to provide Plaintiff Prime Cut with notice of default under Amendment II and to provide a ten day cure period as outlined in Section 5 of Amendment II.

5

35. Defendant Live Block 139's claim is barred by the doctrines of waiver and estoppel. Defendant Live Block 139 waived strict compliance of timely payment of rents through practice of sending Plaintiff invoices and accepting late rents in contradiction with the written agreements.

36. Defendant Live Block 139 by its actions has breached the covenant of good faith and fair dealing implied in every contract under Missouri law. *Farmers' Elec. Co-op., Inc. v. Dept. of Corrections*, 977 S.W.2d 266 (Mo. 1998).

37. Defendant Live Block 139's claim is barred by the doctrine of promissory estoppel. Defendant Live Block 139's course of dealing established a pattern in which monthly invoices were sent to Plaintiff Prime Cut alerting it to the amount of rent due. It was foreseeable that Plaintiff Prime Cut would rely on monthly invoices to pay the correct amounts of rent. Plaintiff relied to its detriment on receiving monthly invoices and Defendant will be unjustly enriched if allowed to terminate Amendment II due to any alleged late payments by Plaintiff as a result of Defendant's failure to continue sending monthly invoices and in providing inconsistent and confusing information regarding alleged charges due under the Lease as amended.

38. Defendant Live Block 139 is estopped from asserting its claim by the doctrine of laches or delay. Defendant's unreasonable delay in asserting compliance with timeliness provision of rent payments works to the disadvantage and prejudice of Plaintiff Prime Cut by Defendant now claiming Plaintiff owes $1,112,157.42 plus interest under the Lease as amended where Plaintiff had become accustomed to receiving monthly invoices and in relying on Defendant for information regarding alleged amounts due.

39. Defendant Live Block 139's claim is barred by the doctrines of duress, failure of consideration and illegality. Defendant is exerting severe economic pressure on Plaintiff in order

to force Plaintiff to enter into subsequent agreements for another restaurant to be opened on Defendant's property or on other property operated by an affiliate of Defendant.

40. Defendant Live Block 139's claim is barred by Defendant's acceptance of Plaintiff Prime Cut's continued payment of rent amounts.

41. Defendant Live Block 139's claim is barred because Defendant failed to warn Plaintiff Prime Cut that late payments would constitute a breach of the Lease or Amendments after Defendant had established pattern of accepting alleged late payments. It was reasonable for Plaintiff to be induced by Defendant's continued acceptance of late rent payments that strict compliance with the timeliness of payments was not required.

42. Defendant Live Block 139's claim is barred by the parties' course of conduct relating to billing and collecting rent, which discharged any obligation to timely comply under Amendment II by granting extensions of time for payments. Plaintiff reasonably relied on the parties' course of dealing and was surprised by Defendant Live Block 139's actions.

43. Defendant Live Block 139 is attempting to terminate Amendment II for an improper purpose relating to other proposed business transactions. Plaintiff Prime Cut believes the Defendant's unreasonable and capricious actions are the result of Plaintiff's refusal to open another restaurant on property owned or managed by Defendant or an affiliate of Defendant.

44. Defendant Live Block 139 failed to mitigate its damages.

45. Plaintiff Prime Cut substantially performed under the Lease and Amendments thereto and is not in default.

46. Defendant Live Block 139's Counterclaim is barred by the doctrine of laches in that Defendant engaged in a course of conduct and provided confusing and inconsistent information knowing that Plaintiff was relying upon it as a party to the agreement until such time as Defendant could then declare a technical default and attempt to recover immediately funds

7

which were either waived or were restructured to be collected at a later time under the Lease as amended. The Plaintiff agreed to extend the original Lease term and to substantially increase the percentage rent to be paid as consideration for the Lease modifications and attempting to retain those benefits while attempting to reject the agreed modifications relied upon by Plaintiff is inequitable.

47. Plaintiff Prime Cut reserves the right to supplement or add additional affirmative defenses learned during discovery.

WHEREFORE, Prime Cut KC, L.L.C., having answered and defended against the Counterclaim of Defendant Kansas City Live Block 139 Retail, LLC, respectfully requests that the Court deny the relief requested against Prime Cut, grant Plaintiff reimbursement of its costs and fees incurred in having to answer and defend the Counterclaim, and for such other relief as the Court deems just and equitable.

Respectfully submitted,

**BROWN & RUPRECHT, PC**

By: _/s/ Frank Wendt_
Frank Wendt, MO Bar #34244
Joan M. Sheridan, MO Bar #66224
911 Main, Suite 2300
Kansas City, Missouri 64105
(816) 292-7000 Telephone
(816) 292-7050 Facsimile
fwendt@brlawkc.com
jsheridan@brlawkc.com
**Attorneys for Plaintiff/Counterclaim Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2013, I filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

W. James Foland
Monica M. Fanning
Foland, Wickens, Eisfelder, Roper & Hofer, PC
911 Main Street, Suite 3000
Kansas City, MO 64105
jfoland@fwpclaw.com
mfanning@fwpclaw.com

and I hereby certify that I have mailed by United States Postal Service to the following non CM/ECF participants:

12/12/2013
Date

_____
Attorney for Plaintiff/Counterclaim Defendant

9
Case 4:13-cv-01118-GAF   Document 10   Filed 12/12/13   Page 9 of 9